Abel **FERREIRA**, Plaintiff,

v.

**LOCAL NO. 145 SERVICE TRADES, CHAUFFEURS, SALESMEN AND HELPERS, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA (TEAMSTERS LOCAL UNION NO. 145); William J. Kuba, Secretary-Treasurer, Teamsters Local Union No. 145; Ernest Porco, Trustee and Assistant Business Representative, Teamsters Local No. 145; Frank Ranucci, and Lucy Maturo, Defendants.**

**Civ. No. B–84–30.**

United States District Court, D. Connecticut.

Dec. 13, 1985.

134

Kestell, Pogue & Deinhardt, Hartford, Conn. by James L. Krestell, Jonathan L. Gould, for plaintiff.

Norman Zolot, Hamden, Conn. by Burton S. Rosenberg, for defendants.

## MEMORANDUM DECISION AND ORDER

MANSFIELD, Circuit Judge:*

Plaintiff Abel Ferreira has moved for an award of attorney's fees against defendants William Kuba and Lucy Maturo, arising from his successful suit against them. The motion must be denied.

■ Under the American Rule "each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary." *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983). The only exceptions are narrowly construed and not lightly expanded. *Alyeska Pipeline Service Co. v. Wilderness Soc.*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Two of those exceptions, however, may apply to successful suits by a union member against a union and its officials for abridging rights guaranteed him by the Union Bill of Rights, 29 U.S.C. § 411. *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). Neither can justify an award in this case.

■ The first exception is the "common benefit" exception. Under it attorney's fees may be awarded against the members of an ascertainable class if the successful action conferred "a substantial benefit on the members of ... [the] class, and where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them." *Id.* at 5, 93 S.Ct. at 1946 (quoting *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 393–94, 90 S.Ct. 616, 626, 24 L.Ed.2d 593 (1970). The doctrine is based on the principle that to "allow the others to obtain full benefit from the plaintiff's efforts without contributing equally to the litigation would be to enrich the others unjustly at the plaintiff's expense." *Id.* at 392, 90 S.Ct. at 625. *See also Hall, supra*, 412 U.S. at 6, 93 S.Ct. at 1947. In keeping with this desire to avoid "unjust enrichment", courts will not impose fees against a party unless they are sure "the cost would ultimately be borne by those ... which actually benefited [from plaintiff's successful suit]", *Skehan v. Bd. of Trustees of Bloomsburg St. College*, 538 F.2d 53, 53 (3d Cir.1976), and "operate so as to impose the burden in proportion to the benefits received", *Shimman v. Intern. Union of Operating Eng., Local 18*, 744 F.2d 1226, 1234–36 (6th Cir.1984) (en banc) (common benefit exception does not apply to case where plaintiff received substantial compensatory and punitive damages award, while incidentally conferring benefit on defendant union of enhancing union democracy).

■ Kuba and Maturo cannot be ordered to pay plaintiff's attorney's fees under the "common benefit" exception. Even if they belonged to the class of union members which arguably benefited from Ferreira's action, an order directing them to pay Ferreira's legal fees would not distribute the cost of the suit fairly and evenly among the beneficiaries. *See McDonald v. Oliver*, 525 F.2d 1217, 1228 (5th Cir.), *cert. denied*, 429 U.S. 817, 97 S.Ct. 61, 50 L.Ed.2d 77 (1976) (individual union members cannot be liable for attorney's fees under common benefit exception); *Shimman v. Intern. Union of Operating Eng., Local 18*, 744 F.2d 1226, 1234–36 (6th Cir.1984) (en banc) (same).

■ Attorney's fees may also be awarded against a losing party when that party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons...." *Id.* 421 U.S. at 258, 95 S.Ct. at 1622 (quoting *F.D. Rich Co., Inc. v. U.S. ex rel. Industrial Lumber Co., Inc.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974)). "[T]he underlying rationale ... is, of course, punitive, and the essential element in triggering the award of fees is therefore the existence of 'bad faith' on the part of the unsuccessful litigant." *Hall v. Cole*, 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973). Our research indicates that the Second Circuit has not ruled on the question of whether the bad faith exception refers only to bad faith in the conduct of the litigation, *see Shimman v. Intern. Union of Operating Eng., Local 18*, 744 F.2d

1226, 1231–34 (6th Cir.1984) (en banc); 1 Defner & Wolf, *Court Awarded Attorney's Fees*, § 1.01, pp. 1–19 (1985), of which there is no evidence in the present case. However, even assuming pre-litigation bad faith may be the basis of an award, *see Richardson v. Communications Workers of America*, 530 F.2d 126, 132 (8th Cir.), *cert. denied*, 429 U.S. 824, 97 S.Ct. 77, 50 L.Ed.2d 86 (1976), the jury did not award punitive damages against the defendants. Although the award of attorney's fees is an exercise of the trial court's equitable power, *Hall, supra*, 412 U.S. at 5, 93 S.Ct. at 1946, which will only be reversed if it is an abuse of discretion, *Rosario v. Amalgamated Ladies' Garment Cutters Union*, 749 F.2d 1000, 1005 (2d Cir.1984), which does not necessarily depend on the jury's findings, considerable deference must be accorded the jury's view of the defendant's bad faith when deciding whether to award attorney's fees. *Richardson v. Communications Workers of America, supra*, at 132. In view of the jury's verdict on the punitive damages claim I cannot find, even though defendants Kuba and Maturo appear to have been aware that her charge was close to nebulous and did not warrant union disciplinary proceedings, that they were guilty of pre-litigation bad faith.

Accordingly, absent any statutory authorization, plaintiff's motion for an award of attorney's fees is denied.